UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BOBBY A. LOMAX,

    Petitioner,

    v.                                   CAUSE NO.: 3:25-CV-511-GSL-AZ

WARDEN,

    Respondent.

OPINION AND ORDER

Bobby A. Lomax, a prisoner without a lawyer, filed a habeas corpus petition challenging his 2002 conviction in Marion County for murder and being a habitual offender. (ECF 1.) This is not the first time he has challenged this conviction in federal court. In 2008, he filed a habeas petition challenging this conviction, and it was dismissed as untimely. *Lomax v. Superintendent*, 3:08-CV-507-JTM (N.D. Ind. closed Jan. 20, 2009). He appealed, but the Seventh Circuit denied his request for a certificate of appealability. *Id.*, ECF 17.

In 2019, he filed another habeas petition challenging this same conviction. *Lomax v. Superintendent*, 3:19-CV-254-PPS-MGG (N.D. Ind. closed Apr. 2, 2019). He was told that he could not pursue a second—or "successive"—petition challenging the same conviction without prior approval from the Seventh Circuit.[1] *Id.*, ECF 2. Because he had not obtained such approval, the petition was dismissed for lack of jurisdiction. *Id.* In

---

[1] A petition dismissed as untimely counts as a "prior" petition for purposes of 28 U.S.C. § 2244. *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003).

2022, he returned with a third petition challenging his 2002 conviction. *Lomax v. Superintendent*, 3:22-CV-499-DRL-MGG (N.D. Ind. closed July 1, 2022). He was told again that he could not file a successive petition challenging his 2002 murder conviction without express authorization from the Circuit, and his petition was dismissed for lack of jurisdiction. *Id.*

He has now returned with another petition challenging his 2002 murder conviction. (ECF 1.) As he was previously told, under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), he cannot proceed with a new habeas petition challenging his 2002 conviction unless he obtains prior authorization from the Seventh Circuit. 28 U.S.C. § 2244(b)(3)(A). There is no indication that he has obtained such authorization.[2] Because this court lacks jurisdiction to consider an unauthorized successive petition, the petition must be dismissed. 28 U.S.C. § 2244(a); *Burton v. Stewart*, 549 U.S. 147, 157 (2007). There is also no basis to grant him a certificate of appealability. *See Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005) (petitioner who filed unauthorized successive collateral attack on his conviction could not "satisfy the criteria for a certificate of appealability").

As a final matter, when asked whether he had ever challenged this conviction in federal court, Lomax answered "no." (ECF 1 at 2.) This statement was clearly false. This is in fact the fourth time Lomax has challenged his 2002 conviction in federal court. It

---

[2] In fact, public court records reflect that he sought permission from the Seventh Circuit to pursue a successive petition in 2019, but his application was denied. *See Lomax v. Hyatte,* No. 19-2181 (7th Cir. July 17, 2019). There is no indication from public records that he sought or obtained permission to pursue a successive petition after this.

appears Lomax made this false statement in hopes the court would not uncover his litigation history. "Abuses of process . . . are to be sanctioned." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989). District courts have the "inherent power to sanction a party who has willfully abused the judicial process or otherwise conducted litigation in bad faith." *Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015) (citation and internal quotation marks omitted). This power is "essential to a court's ability to preserve the integrity of its proceedings." *Id.*

Due to the false statement contained in Lomax's petition and the fact that he refuses to heed the court's admonishments about filing unauthorized successive petitions, the court will order him to show cause why a monetary fine and/or filing restriction should not be imposed. He is ordered to submit a copy of his trust fund ledgers for the past six months with his response for the court to consider the propriety of a monetary fine.

For these reasons, the court:

(1) DISMISSES this case for lack of jurisdiction;

(2) DENIES the petitioner a certificate of appealability;

(3) ORDERS the petitioner to show cause by **August 3, 2025,** why he should not be sanctioned for making a false statement in his petition and for filing multiple unauthorized successive habeas petitions challenging his Indiana conviction despite admonishments from the court; and

(4) ORDERS the petitioner to submit a copy of his trust fund ledgers for the past six months by **August 3, 2025**.

3

SO ORDERED on July 9, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT